SECOND NATIONAL BANK OF WILKES-BARRE, Respondent, *v.* EDWARD N. BREITUNG and CHARLES F. BREITUNG, Appellants.

First Department, December 15, 1922.

**Bills and notes — action by transferee on written acceptance of trade acceptance — pleadings — answer — issue not raised under Rules of Civil Practice, rule 93, by denial of knowledge or information sufficient to form belief as to incorporation of plaintiff — defense that acceptance was given on agreement of drawer to deliver coal and that coal was not delivered, which fact was known to plaintiff when acceptance was discounted, not sufficient — statement by drawer to transferee that coal had not been delivered and that trade acceptance was without consideration did not show infirmity — promise to deliver goods sufficient consideration for acceptance of trade acceptance.**

In an action by a corporation the denial by the defendant of any knowledge or information sufficient to form a belief as to the incorporation of the plaintiff raises no triable issue under rule 93 of the Rules of Civil Practice.

In an action by a transferee on a written acceptance of a trade acceptance by the defendant, a defense sufficient in law is not stated by allegations that the defendants were induced by the drawer of the trade acceptance to sign the same upon the agreement that the drawer would deliver certain coal to the defendants; that the drawer failed to do so and that the plaintiff knew of these facts when it discounted the trade acceptance, for it does not appear that there was any breach of an agreement to deliver coal either at the time of the discount of the draft or at any other time.

Notice of any infirmity in the acceptance on the part of the plaintiff was not shown by an affidavit offered by the defendant that an officer of the drawer told the cashier of the plaintiff that the coal had not been delivered at the time the acceptance was discounted and that there was no consideration therefor.

A promise to deliver goods is a sufficient consideration for the acceptance of a trade acceptance drawn against future delivery, and the validity or consideration of the acceptance in the hands of an innocent party is not affected by a subsequent failure to deliver the goods.

As to the amount withdrawn from plaintiff's bank by the drawer of the trade acceptance the plaintiff was a holder in due course and for value and was entitled to recover that amount from the defendant.

APPEAL by the defendants, Edward N. Breitung and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of July, 1922, granting plaintiff's motion for an order striking out defendants' answer and directing judgment in favor of the plaintiff, and also from a judgment of the Supreme Court in favor of the plaintiff, entered in said clerk's office on the same day pursuant to said order.

*Barnes, Chilvers & Halstead* [*William Chilvers* of counsel], for the appellants.

*Louis F. Doyle* [*Edwin V. Guinan* of counsel], for the respondent.

FINCH, J.:

The action is upon the written acceptance by the defendants of a trade acceptance. Plaintiff sues as the holder for value before maturity. The answer of the defendants denies knowledge or information sufficient to form a belief as to the incorporation of the plaintiff, which raises no triable issue (Rules of Civil Practice, rule 93). It likewise denies that the plaintiff is a holder for value without notice. It sets forth as a separate defense that the defendants were induced by the drawer of the trade acceptance to sign the same upon the agreement that the drawer would deliver certain coal to the defendants; that the drawer failed to do so and that plaintiff knew of these facts when it discounted the instrument. The affidavits submitted by the defendants purporting to set forth facts in order to show that their defenses are not sham and are not mere words but have facts to support them, contain hearsay statements that one Ott, the president of the company which drew the draft and promised to deliver the coal, told the affiant that he, Ott, had said to the cashier of the plaintiff at the time of the discount of the draft that the goods had not been delivered and further said that the draft was without consideration.

The Special Term was right in the result reached for the following reasons: The separate defense is not good because it does not there appear that there was any breach of an agreement to deliver coal, either at the time of the discount of the draft or at the present time. It is not alleged in said separate defense that the coal was to be delivered at any particular time but it was merely alleged that the defendant had failed to deliver up to that particular time. *Non constat* but that it might be delivered later and still be on time. In addition everything that Ott said might be true and there still might not be any notice to the plaintiff of any infirmity in the draft. Ott said that the draft had been given by the defendants to him for coal which had not been delivered and alleged that there was no consideration or value given to the defendants for the trade acceptance. The latter so far as the allegation goes may be only Ott's conclusion, in the absence of knowledge on Ott's part that a promise to deliver was a good consideration. It is well settled that a promise to deliver merchandise is a sufficient consideration to accept a draft drawn against future delivery and the validity or consideration for the draft in the hands of an innocent holder is not affected by a subsequent failure to deliver the merchandise. (*Tradesmen's Nat. Bank* v. *Curtis,* 167 N. Y. 194.) It appears that the proceeds of the instrument in question were credited by the plaintiff to the account of the drawer

and duly checked out by it, with the exception of a small amount, prior to the time the instrument was dishonored. It is well established that as to the amount so withdrawn, the bank becomes a holder for value. (*Merchants Nat. Bank* v. *Santa Maria Sugar Co.*, 162 App. Div. 248.) In the case at bar the plaintiff was awarded judgment to the extent of the said withdrawals.

It follows that the order and judgment appealed from should be affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment and order affirmed, with costs.